| .PATRICK M. SCHOTT, Judge, Pro Tempore.
Stanley Griffin has appealed from an award by a Workers’ Compensation Judge (hereinafter WCJ) of an attorney’s fee of $1,000 in favor of his former attorney, Workers’ Compensation Legal Clinic of Louisiana (hereinafter appellee). The principal issue is whether the WCJ had subject matter jurisdiction over the fee in question where the compensation case was dismissed as part of the settlement of Griffin’s claim against a third party. We affirm.
Griffin was injured when the truck he was driving for his employer, Metro Dray-age Service, Inc. (hereinafter Metro), was struck by a truck owned by Crescent Hardwood Supply, Inc. (hereinafter Crescent) and driven by its employee. Griffin, represented by appellee, filed a claim for compensation against Metro, and he filed a tort claim against Crescent. In that case, his attorney was Russell Solomon. Metro’s compensation insurer, Credit General Insurance Company (hereinafter Credit), intervened in the tort suit to recover the compensation benefits paid or to be paid to Griffin. Eventually, Griffin settled his tort claim, and, as part of that settlement, Credit dismissed its intervention in consideration for Griffin dismissing his compensation claim against Metro.
. | ¡.Appellee filed a motion to withdraw as appellant’s attorney in the compensation case as well as a petition of intervention to claim an attorney’s fee against Griffin. Appellee alleged that Solomon was attempting to settle Griffin’s tort claim and without, notice to appellee Solomon was including in his negotiations a settlement of the compensation claim. Griffin admitted these allegations in an answer to the intervention filed in his behalf by Solomon who became his attorney of record in the compensation case. Appellee subsequently filed a motion seeking a fee of $4,000 against Griffin.
In addition to his answer to the intervention, Griffin filed an exception to the subject matter jurisdiction of the Office of Workers’ Compensation (OWC) over ap-pellee’s claim. He based this exception on the argument that appellee’s claim does not arise out of the Workers’ Compensation Act but out of a contract between appellee and Griffin.
The WCJ overruled Griffin’s exception and awarded appellee $1,000. He rejected appellee’s claim for $4,000 finding that ap-pellee’s affidavit as to the time spent on Griffin’s claim contained “a glaring misrepresentation” as to travel time and attendance at a mediation conference. The WCJ found that appellee did not attend that *932 conference at all and the only participation in that conference was telephone participation by a paralegal employed by appel-lee. The WCJ deleted that time from appellee’s claim as well as time spent after appellee’s withdrawal as attorney of record for Griffin. He found that the remaining time spent by appellee on the claim was excessive, and he concluded that the actual time appellee reasonably spent on Griffin’s compensation case was eight hours for which $125 per hour would be adequate.
In this Court, Griffin continues to argue that the OWC had no jurisdiction over appellee’s claim for a fee. This argument is meritless. When Griffin was negotiating a settlement of his tort claim, his employer’s compensation insurer carrier had a claim as an intervenor, which had to be satisfied for the settlement to be made. The compensation carrier dismissed the intervention in exchange for ^Griffin’s dismissal of his compensation claim against the carrier. Appellee’s claim for an attorney’s fee for representing Griffin in his compensation case is obviously a claim arising out of the workers’ compensation law as to which the OWC has exclusive jurisdiction. LSA-R.S. 23:1310.3(E). An exception to this rule is a claim against a third person such as the compensation carrier’s intervention in Griffin’s tort suit which is to be tried before the district court. LSA-R.S. 23:1101(D)(1). Griffin argues that appellee filed suit against third parties but he did not. Appellee’s claim is for a fee for services performed in the OWC while prosecuting Griffin’s compensation case. Griffin indirectly recovered compensation benefits when the compensation carrier gave up its intervention in the tort case. Appellee was entitled to a fee on the value of that recovery and the OWC had jurisdiction over appellee’s claim pursuant to LSA-R.S. 23:1310.3(E).
Finally, Griffin argues that appel-lee is entitled to nothing because the WCJ found his affidavit contained a “glaring misrepresentation.” The amount of the fee, $1,000, was well within the discretion of the WCJ and will not be disturbed on appeal.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED